IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. | : | |
| d/b/a IOU FINANCIAL, INC | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | CASE NO. |
| | : | |
| METAL SPECIALISTS, LLC, | : | |
| WILLIAM RODNEY CHESTNUTT, | : | |
| ROBIN H. CHESTNUTT, | : | |
| ASCEND BUSINESS SERVICES. LLC, | : | |
| ROGER D. FERRRANTE, | : | |
| DALE A. JOHNSTON, | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS [MERS] | : | |

# COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, a citizen of both states per 28 U.S.C. §1332.

2. Defendants William Chestnutt [WRC] and Robin Chestnutt [RHC] are the sole members of Defendant Metal Specialists. [MSL] who are individuals domiciled in and citizens of North Carolina per § 1332, who

3. Defendants Roger Ferrante [RDF] and Dale Johnston [DAJ] are the members of Defendant Ascend [ABS], who are domiciled in and citizens of Florida and Illinois per § 1332.

4. Defendant MERS is incorporated in Virginia, the location of its principal place of business located in Virginia of which it is a citizen per § 1332. IOU seeks only *in-rem* relief as to MERS and no *in-personam* relief provided MERS seeks no *in-personam* relief as to IOU.

5. Per §1332, the parties are diverse and the sum in controversy exceeds $76,000.00 such as IOU's damages, attorney's fees and pre-maturity interest. **<u>Jones v. Landry</u>**, 387 F.2d 102

(5th Cir. 1967). **_Cohen v. Office_**, 204 F.3d 1077 (11th Cir. 2000); **_Occidental v. Bullard_**, 995 F.2d 1046 (11th Cir. 1986); **_Groves v. Rogers_**, 547 F.2d 900 (5th Cir. 1977). IOU's damages and/or equitable relief are valued in excess of $76,000.00. **_Waller v. Prof._**, 296 F.2d 547 (5th Cir. 1961). Per §1367, jurisdiction exists on all claims. **_Exxon v. Allapattah_**, 545 U.S. 546 (2005).

6. Per O.C.G.A. § 9-10-90 *et seq* and/or the Constitution, jurisdiction exists, is proper and just for Defendants, who transacted business in Georgia [GA], personally and/or through their agent(s); committed and/or conspired to commit tortious acts or omissions in GA; and/or committed GA acts or omissions as agents of each other; and/or committed tortious injuries in GA by acts and/or omissions outside of GA; engaged in persistent GA contact; derived revenue from GA goods and/or consumed GA services; and/or reasonably consented to personal jurisdiction in GA, where they are subject to liability, who purposefully availed themselves to conducting GA activities and consented to Georgia venue and jurisdiction.

7. On 11/12/19, WRC submitted a Loan Application to IOU's website, by its GA office, for a commercial loan [Loan] for WRC/MSL/RHC [MSL Defendants] who knew of, consented to, benefitted from and ratified the Application.

8. WRC sought the Loan for the MSL Defendants who knew of, benefitted from, consented to and ratified the Loan.

9. On 11/13/19, WRC telephoned IOU's GA staff confirming the information in the Application and below Loan Documents of which the MSL Defendants knew, benefitted, consented/ratified.

10. On 11/13/19, WRC electronically executed a Promissory Note to IOU for MSL in a principal sum of $355,000.00, at IOU's GA office, by its website, in exchange for IOU's Funds of that sum and a loan guaranty fee of $95,850.00, part of the principal, confirming the

information in the Application and call, consenting to GA law and jurisdiction to enforce the Instruments, of which the MSL Defendants knew, benefitted, consented and ratified.

11. The Note includes a Security Agreement, by which the MSL Defendants, as recipients of the Funds, encumbered and/or were intended to encumber their real and/or personal property as collateral for the Loan, upon which IOU relied in approving the Loan, to which these Defendants knew, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto. [Promissory Note Paragraph 21]

12. On 11/13/19, WRC electronically executed a Guaranty of the Note, at IOU's GA office, by its website, who granted and/or intended to grant the same security interest in the property of the MSL Defendants to guaranty the Note, including the Security Agreement to which the MSL Defendants knew, consented, benefitted and ratified.

13. Per the Guaranties, the MSL Defendants granted and/or intended to grant the same security interest in their property to guaranty the Note, including the Security Agreement, who received and personally benefitted from the Funds and again consented to GA law and jurisdiction in the Guaranty, of which these Defendants knew, consented, benefitted and ratified.

14. On 11/13/19, WRC executed an Electronic Debit Agreement on behalf of MSL at IOU's GA office, by its website, identifying both as the Payor, authorizing electronic payments for the Loan, from their account to IOU's GA office, certifying the purpose of this Agreement was to pay the Loan and the accuracy of their account information of which the MSL Defendants knew, consented, benefitted and ratified.

15. On 11/13/19, WRC approved disbursement of the Funds, at IOU's GA office, by its website, for the Loan, of which the MSL Defendants knew, consented, benefitted and ratified.

16. On 11/13/19, the MSL Defendants received the Funds by wire transfer from IOU's account into their account, of which they knew, consented, benefitted and ratified.

17. IOU intended for its Loan to be the senior interest in all property owned by the recipients of the Funds, the MSL Defendants, to be repaid the Funds, which would not have otherwise advanced the Funds per the Note, Guaranty, Security/Debit Agreements. [Instruments]

18. The MSL Defendants breached the Instruments shortly after their receipt of the Funds of which they knew, benefitted, consented and ratified.

19. The MSL Defendants did not intend to and/or could not repay the Funds, who acted as agents of each other in relation to the Funds and the Loan of which they knew, consented, benefitted and ratified.

20. The MSL Defendants had knowledge of their intended unwillingness, and/or inability to repay the Loan, prior to and after origination of the Loan.

21. The MSL Defendants are jointly and severally liable for the Loan and Instruments, per their fulfillment of at least one of the below events; who:

(a) Operate as and constitute a joint racketeering and/or other enterprise and/or acted as agents for each other such as obtaining the Loan and the Funds;

(b) Operate as and/or are a partnership, for their same, related business; MSL, share/co-mingle their receipt or right to receive a share of profits of MSL's business; whose principals are the individual MSL Defendants, partners in MSL's business; who participate in or have a right to participate in control of MSL's business; agreed to share and/or shared their business losses or liability for claims by third parties against the business; agreed to contribute or contributed money or property to their business, such as the Funds, to acquire assets and personnel for their business and/or related one; and/or

(c) The MSL Defendants owned/operated MSL as their alter-ego, disregarding it as a separate entity, using it as a conduit/instrumentality for their personal affairs, obtaining the Funds and avoiding the Loan, share and co-mingle their assets, finances, ownership and offices.

(d) MSL lacks an existence separate from the MSL Defendants per their unified interest or ownership, a mere subterfuge to avoid payment of IOU's debt, which should be justly disregarded, with full liability for damages/relief imposed upon them.

(e) The MSL Defendants assumed liability for the debts and other liabilities at issue, the Loan and the claims in this case or otherwise have a debtor-creditor relationship with IOU.

22. The MSL Defendants did and/or conspired to make false/misleading representations or material omissions to IOU, by their agents, such as WRC, who negligently,

knowingly misrepresented and/or failed to disclose to IOU (a) their lack of intent and/or ability to perform/repay the Loan; (b) their illegal collusion with the ABS Defendants to evade the Loan.

23. IOU actually and justifiably relied upon the misrepresentations of the MSL Defendants as honest and accurate in the Application, the Instruments, during the call and per their electronic approval for disbursement of the Funds; which resulted in IOU wiring the Funds to them and forbearing enforcement of the Loan based upon IOU's reasonable reliance on the misrepresentations of these Defendants.

24. IOU's Instruments attached to all property, assets and proceeds of these Defendants and their interests in them, such as the below Properties as Loan collateral:

(a) 164 Vinters Way, Duplin NC 28466, Parcel No. 09 6881 12, per a Warranty Deed for this property to WRC/RHC recorded at Duplin Book 1851, Page 0753, valued over $300,000.00 per a Mortgage for $284,000 from them to MERS, Deed Book 1851, Page 756.

(b) 388 Red Fox Run Drive, Duplin NC, 28466, Parcel No. 095433, per a Warranty Deed to WRC/RHC recorded at Duplin Book 1816, Page 0275;

(c) 5330 Garland Highway, Clinton NC 28328, Sampson Parcel No. 15081056002, per a Warranty Deed for this Property to WRC/RHC recorded at Sampson Book 01869, Page 0073, valued over $100,000.00

(d) Any UUC-1 by IOU on the Loan, such as UCC No. 20200005360K.

(e) All other property interest titled or held by any MSL Defendant.

25. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before commencing suit, their principal balance and/or value exceeding $76,000.00, with fees as provided by law and their terms.

26. The MSL Defendants breached the Instruments and/or did not satisfy the Claims, violated their terms, now in default, such as (a) failing to make payments and (b) bringing the bankruptcies and IOU accelerated the balance.

27. The MSL Defendants induced and/or encouraged IOU to confer the Funds on them by the Loan and Instruments of which they knew, benefitted, consented and ratified.

28. IOU provided the Funds to the MSL Defendants, or by their agents, expecting repayment, which they appreciated, knew, benefitted, consented and ratified.

29. The MSL Defendants knew of, accepted and retained the Funds, which they did not reject, which they should return or compensate, who are otherwise unjustly enriched by the Funds at IOU's expense, by retaining the Funds and/or retaining their property, assets and/or proceeds absent IOU's intended senior interest(s) in them.

30. The MSL Defendants are indebted to IOU for the Funds, interest, attorney's fees, costs and other charges, for which their property, assets and proceeds, such as the Properties, are secured for repayment.

31. The MSL Defendants are liable for each other's acts and/or omissions as partners; servants and/or agents, done by command and/or in prosecution of, within their relationship, by which they jointly benefitted and/or ratified.

32. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

# COUNT I: DECLARATORY, EQUITABLE AND
# RELATED RELIEF AS TO ALL DEFENDANTS

33. ¶ 1-32 are incorporated.

34. The MSL Defendants are and constitute a joint enterprise and act as agents for each other; or are a partnership, jointly operating for their business; and/or assumed and are liable for the Loan; detailed above, who obtained the Funds, to benefit themselves

35. These Defendants benefitted from and are jointly liable for the Funds.

36. The MSL Defendants did and/or conspired to make false/misleading representations or material omissions to IOU, by their agents, such as WRC, who negligently, knowingly misrepresented and/or failed to disclose to IOU (a) their lack of intent and/or ability to perform/repay the Loan; (b) their illegal collusion with the ABS Defendants to evade the Loan.

37. The MSL Defendants conspired to fraudulently obtain the Funds from IOU, intending to induce and deceive IOU into closing its Loan.

38. IOU foreseeably, actually and justifiably relied on the misrepresentations and omissions of the MSL Defendants as honest/accurate, causing/inducing IOU to approve the Loan and pay the Funds, a result intentionally procured by them.

39. The material misrepresentations or omissions of the MSL Defendants were calculated by them to deceive IOU, a prudent lender, to illegally obtain and use the Funds, which they would otherwise lack, by which they benefitted.

40. IOU was proximately and/or actually injured by the misconduct of the MSL Defendants, which reasonably relied upon their acts and/or omissions in approving the Loan, which IOU would not have otherwise done only with WRC/MSL.

41. The Instruments are intended to bind all recipients and/or beneficiaries of the Funds, such as all MSL Defendants, whose property, assets and proceeds were to secure

repayment of the Loan per the Security Agreement who knew of, benefitted from, consented to and ratified the Loan and/or otherwise received the Funds.

42. All MSL Defendants, their property, assets and proceeds were accidentally, mistakenly and/or wrongfully omitted from or are subject to the Instruments.

43. The misconduct of the MSL Defendants permits them to be unjustly enriched by the Funds at IOU's expense, retaining the Funds, their property, assets and/or proceeds absent IOU's intended interests in them, for which IOU has no adequate legal remedy.

44. Per 28 U.S.C. § 2201 *et seq*, O.C.G.A. § 10-1-1 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and establish IOU's Instruments are a secured interest in the property, assets and/or proceeds of the MSL Defendants, such as the Properties, subject to the Mortgage, for which they are jointly liable; and/or reform the Instruments to reflect their intended execution by all MSL Defendants, relating back to the origination of IOU's Loan, grant all just relief.

45. Alternatively, per O.C.G.A. § 18-2-1 *et seq*, § 51-1-1 *et seq* and applicable law, IOU demands judgment as to the MSL Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages, all just relief.

### COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL MSL DEFENDANTS

46. ¶ 1-32, ¶ 34-35 and ¶ 44-45 are incorporated.

47. The MSL Defendants ratified the Instruments, accepting the Funds.

48. These Defendants are jointly and severally liable on the Instruments.

49. The MSL Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

50. IOU accelerated the principal balance of its defaulted Instruments of which the MSL Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

51. Per O.C.G.A. § 13-1-11, the MSL Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments against them, who are further indebted for IOU's fees/costs, unless all principal, interest and other charges due to IOU under its Instruments are paid within 10 days after the service date of this Complaint.

52. IOU is entitled to judgment as to the MSL Defendants, jointly and severally, for the unpaid principal of the Instruments, interest, attorney's fees, costs and other charges.

53. Per O.C.G.A. § 13-1-1 *et seq* and applicable law, IOU demands judgment as to the MSL Defendants for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and all just relief.

### COUNT III: TORTIOUS INTEFERENCE, MALICIOUS PROCUREMENT AND RELATED RELIEF AS TO ALL ABS DEFENDANTS

54. ¶ 1-32, ¶ 34-35, ¶ 44-45 and ¶ 53 are incorporated.

55. IOU had valid, enforceable contracts with the MSL Defendants, the Instruments, under which IOU provided valuable consideration, the Funds, which negotiated monthly payments to ensure repayment of the Funds within 12 months.

56. Defendants RDF/DAJ/ABS [ABS Defendants] operate an illegal debt negotiation service, who are not attorneys, including in Georgia or North Carolina.

57. The ABS Defendants improperly and wrongfully contacted the MSL Defendants and illegally advised them to stop-payment on IOU's Loan, less than a month after receiving the Funds and not further communicate with IOU so the ABS Defendants could collect an illegal fee from the MSL Defendants for 'renegotiating' the Loan.

58. The ABS Defendants knew the purpose and effect of the stop payment was to avoid the time-sensitive legal obligations of MSL Defendants under the Instruments and injure IOU with lack of payments, contacting IOU's GA office, obstructing further performance of the Instruments, including loss mitigation.

59. The ABS Defendants intentionally, maliciously, wantonly and unjustifiably procured the breach of the Instruments and obstructed resolution of the breach, such as delaying or obstructing communications between IOU and the MSL Defendants to illegally benefit themselves at IOU's expense for which they lacked authority, justification, excuse or privilege.

60. The ABS Defendants are stranger(s) to the Instruments, whose procurement of the breach of the Instruments proximately and/or actually damaged IOU, which could have received payments or conducted mitigation to at least partially avert its loss, absent their misconduct.

61. Per O.C.G.A. § 51-1-1 *et seq* and applicable law, IOU demands judgment as to the ABS Defendants for compensatory, consequential, special, nominal, punitive and exemplary damages, fees and interest for their torts and all just relief.

### COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO ALL MSL DEFENDANTS

62. ¶ 1-32, ¶ 34-35, ¶ 44-45, ¶ 53 and ¶ 61 are incorporated.

63. The MSL Defendants induced and encouraged IOU to confer the Funds on them, by WRC/the Instruments, of which they knew, benefitted, consented and ratified.

64. IOU provided the Funds to the MSL Defendants, expecting their repayment, which they appreciated, knew, benefitted, consented and ratified.

65. The MSL Defendants knew of and accepted the Funds, which should be returned or compensated, who are otherwise unjustly enriched by the Funds at IOU's expense, for which IOU has no adequate remedy.

66. These Defendants are indebted for the Funds, interest, costs/other charges.

67. IOU demands judgment against the MSL Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and all just relief.

### COUNT V: MONEY HAD AND RECEIVED AND RELATED RELIEF AS TO ALL MSL DEFENDANTS

68. ¶ 1-32, ¶ 34-35, ¶ 44-45, ¶ 53, ¶ 61 and ¶ 67 are incorporated.

69. The MSL Defendants wrongfully induced IOU's payment of the Funds through WRC/DRL which the MSL Defendants received, hold and which rightfully belong to IOU.

70. The MSL Defendants should not retain and unjustly enrich themselves at IOU's expense with the Funds to which IOU is entitled in good conscience and equity.

71. IOU made demand for repayment of the Funds upon the MSL Defendants and/or through WRC/DRL, which was refused, unnecessary or futile.

72. IOU demands judgment against the MSL Defendants for the unpaid balance of the Funds, for at least $76,000.00, plus interest, costs and all just relief.

### COUNT VI: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO MSL AND MERS DEFENDANTS

73. ¶ 1-32, ¶ 34-35, ¶ 44-45, ¶ 53, ¶ 61, ¶ 67 and ¶ 72 are incorporated.

74. The property, assets and proceeds of the MSL Defendants were intended to secure the Loan, per the Security Agreement, who knew, benefitted, consented to and ratified the Loan and/or received/benefitted from the Funds but seek to wrongfully preclude its performance.

75. The MSL Defendants knew of, accepted and retained the Funds as a secured debt, who are unjustly enriched at IOU's expense by retaining their property, assets and proceeds, absent IOU's intended senior interest(s) in them for which IOU has no adequate remedy.

76. An equitable lien and/or mortgage to satisfy the Instruments is implied on the property, assets and proceeds of these Defendants, such as the Properties, as intended.

77. Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien and/or mortgage on all property, assets and/or proceeds of the MSL Defendants, such as the Properties, relating back to the execution and origination of the Loan, subject to the Mortgage and all just relief.

## COUNT VII: CONSTRUCTIVE TRUST AND RELATED RELIEF AS TO MSL AND MERS DEFENDANTS

78. ¶ 1-32, ¶ 34-35, ¶ 44-45, ¶ 53, ¶ 61, ¶ 67, ¶ 72 and ¶ 77 are incorporated.

79. The property, assets and proceeds of the MSL Defendants were intended to secure the Loan, per the Security Agreement, who knew, benefitted, consented to and ratified the Loan and/or received/benefitted from the Funds but seek to wrongfully preclude its performance.

80. The MSL Defendants knew of, accepted and retained the Funds as a secured debt, who are unjustly enriched at IOU's expense by retaining their property, assets and proceeds, absent IOU's intended senior interest(s) in them, for which IOU has no adequate remedy.

81. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds, of the MSL Defendants, like the Properties, as intended, to avert unjustly enriching them, in which they cannot enjoy any beneficial interest contrary to principles of equity.

82. Per 28 U.S.C. § 2201 *et seq*, § O.C.G.A. 11-9-101 *et seq*, § 18-2-1 *et seq*, § 23-1-1 *et seq*, § 44-1-1, § 53-12-132, and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and/or proceeds of MSL Defendants, , such as the Properties, relating back to the execution and origination of the Loan, subject to the Mortgage and all just relief.

# COUNT VIII: ATTORNEY'S FEES AND
# RELATED RELIEF AS TO MSL AND ABS DEFENDANTS

83. ¶ 1-35, ¶ 44-45, ¶ 53, ¶ 61, ¶ 67, ¶ 72, ¶ 77 and ¶ 82 are incorporated.

84. The MSL and ABS Defendants acted in bad faith by their misconduct and otherwise failing to resolve these matters, requiring IOU to bring this action.

85. These Defendants were stubbornly litigious as there was no bona-fide dispute to their liability to IOU, which used unnecessary trouble/expense to bring suit.

86. Per O.C.G.A. § 13-6-11 and applicable law, IOU demands judgment as to the MSL/ABS Defendants for its fees, costs and just relief, if not otherwise granted.

87. The individual Defendants are not minor(s); or adjudged incompetent; or in the military for the last 30 days; and not subject to protection per 50 U.S.C. §3901 *et seq.*

Respectfully submitted this 22nd day of January 2020.

By: */s/Paul G. Wersant*
Paul G. Wersant
Georgia Bar No. 748341
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 264-2358
Email: pwersant@gmail.com
Attorney for Plaintiff
File No. 144428