IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IOU CENTRAL, INC. : | |
| d/b/a IOU FINANCIAL, INC : | |
| : | |
| Plaintiff, : | |
| vs. : | Case No. 3:20-CV-00014-TCB |
| : | |
| METAL SPECIALISTS, LLC, *et al* : | |

**UNOPPOSED MOTION TO ENTER**
**CONSENT DECREE AS TO DEFENDANT MERS**

Per Fed. R. Civ. P. 19-20 and applicable law, IOU requests the following relief as to Defendant MERS on the Amended Complaint [Doc 5].

1. On 1/23/20, IOU filed the Complaint and then filed the Amended Complaint [Doc 5] of which Defendants were served and filed answers [Doc 6-7].

2. IOU and MERS resolved the case as to themselves and MERS will be dismissed from this case per the Consent Decree attached as **Exhibit 1.**

3. IOU requests entry of the attached Consent Decree resolving this case as to Defendant MERS and all just relief.

4. The other Defendants have not indicated any objection to this relief.

# MEMORANDUM

Under Fed. R. Civ. P. 21, the Court may drop parties *sua sponte* or upon motion "at any stage of the action and on such terms as are just." The terms of this Order are just as there are no claims pending against U.S. Bank in this case aside from those of IOU, which are resolved by this order. As held in **_Clough Mktg. Servs. v. Main Line_**, LEXIS 81692 (N.D. Ga. 2007)

> "The construction and enforcement of a settlement agreement are governed by state contract law. **_Blum v. Morgan Guar. Trust Co._**, 709 F.2d 1463, 1467 (11th Cir. 1983). Under Georgia law, a settlement agreement must meet the same formation and enforceability requirements as other contracts. **_Ruskin v. AAF-McQuay_**, 643 S.E.2d 333 (2007). A contract is not formed until the parties agree to all essential terms. O.C.G.A. § 13-3-2. Because the law favors enforcement of a compromise, a settlement agreement is generally enforced "unless the parties clearly failed to reach an agreement on an essential contract term."

As shown here the parties agreed on the Consent Order which IOU and MERS had authority to conduct. **_Murchison v. Grand Cypress Hotel_**, 13 F.3d 1483, 1485 (11th Cir. 1994)). *See* O.C.G.A. § 15-19-5 ["Attorneys have authority to bind their clients in any action or proceeding by any agreement in relation to the cause, made in writing, and by signing judgments, entering appeals, and entering such matters, when permissible, on the dockets of the court."]

## CONCLUSION

IOU respectfully requests entry of the attached Consent Decree resolving this case as to Defendant MERS and all just relief.

## CERTIFICATE OF COMPLIANCE

Per L.R. 5.1(C), I certify this document was prepared per L.R. 5.1(B) in Times Roman 14-point

## CERTIFICATE OF SERVICE

I certify a precise copy of this document was filed ECF on the below date sending notice to counsel of record.

Respectfully submitted this 6th day of January 2020.

    By:    */s/Paul G. Wersant*
               Paul G. Wersant
               Georgia Bar No. 748341
               3245 Peachtree Parkway, Suite D-245,
               Suwanee, Georgia 30024
               Telephone: (678) 264-2358
               Email: pwersant@gmail.com
               Attorney for Plaintiff
               File No. 144428