IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IOU CENTRAL, INC. | : | |
| d/b/a IOU FINANCIAL, INC | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | Case No. 3:20-CV-00014-TCB |
| | : | |
| METAL SPECIALISTS, LLC, *et al* | : | |

## CONSENT DECREE RESOLVING ACTION AS TO DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

Plaintiff IOU Central, Inc. d/b/a IOU Financial Inc. ("IOU") filed this action against the Defendants, who were served with process. IOU moves to enter this Consent Decree resolving the action as to Defendant Mortgage Electronic Registration Systems, Inc ["MERS"]. The Court grants the motion and this Consent Decree is entered, as follows:

Per 28 U.S.C. § 1332, subject matter jurisdiction exists as set forth in the Amended Complaint. [AC Doc 5]. By consent of IOU and Defendant MERS the Court establishes, declares and decrees as follows:

(a)     IOU seeks to establish an interest in 164 Vinters Way, Duplin NC 28466, Parcel No. 09688112 [The Property] per Counts I, V, VI of the AC.

1

(b)     Any such interest by IOU in the Property, established by this Court, such as a security agreement, equitable lien, or constructive trust or such other interest, is subject to the Mortgage of MERS encumbering the Property, if and when that relief is granted in this action, [AC ¶ 24 (a), 47, ¶ 71, ¶ 76]

The Court finds IOU and MERS consent to this Decree to resolve this action between themselves by the signatures of their counsel. Under Fed. R. Civ. P. 22, MERS is no longer required to participate in this action, which will be reflected in a Second Amended Complaint filed by IOU after entry of this Order omitting MERS as a party.

IOU and MERS will bear their respective costs and fees.

SO ORDERED this 7th day of January, 2021.

_____
HON. Timothy C. Batten
UNITED STATES DISTRICT JUDGE

2